20-2154-cr
*United States v. Daugerdas*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*                20-2154-cr

                v.

PAUL M. DAUGERDAS,

                *Defendant-Appellant,*

DONNA GUERIN, ERWIN MAYER, DENIS FIELD, ROBERT GREISMAN, RAYMOND CRAIG BRUBAKER, BDO USA, LLP, DAVID PARSE,

                *Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          Brandon Sample, Brandon Sample PLC, Rutland, VT.

**FOR PLAINTIFF-APPELLEE:**            Kiersten Fletcher and Won S. Shin, Assistant United States Attorneys, *for*

Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Paul Daugerdas appeals from the District Court's June 25, 2020 order granting the Government's motion to dismiss his petition under 21 U.S.C. § 853(n)(2) and Fed. R. Crim. P. 32.2(c) to exclude seven college savings accounts from a preliminary order of criminal forfeiture. This Court has already affirmed that the funds in defendant Daugerdas's various accounts, including the college savings accounts, are subject to criminal forfeiture. *United States v. Daugerdas*, 837 F.3d 212, 231 (2d Cir. 2016). Daugerdas seeks a § 853(n) proceeding in his purported capacity as custodian and trustee of the college savings accounts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." We review the District Court's dismissal of the petition asserting an interest in the property de novo. *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004).

Daugerdas argues that he petitions for a § 853(n) proceeding "not as defendant or individually, but solely as [c]ustodian and [t]rustee." By claiming that he acts in a representative capacity, Daugerdas aims to sidestep the statute's language that "[a]ny person, other than the defendant" can assert a legal interest in the property ordered forfeited. However, even assuming that a defendant acting in a representative capacity is eligible to bring a § 853(n) proceeding, "the Petition is devoid of allegations demonstrating that [Daugerdas] is, in fact, a fiduciary." *United States v. Daugerdas*, No. 09cr581, 2020 WL 3472447, at *3 n.7 (S.D.N.Y. June 25, 2020). The petition merely states that Daugerdas brings the petition as custodian and trustee and that he "funded and established" the accounts for his seven children. Daugerdas offers no further evidence or authority that a fiduciary relationship exists—for example, the petition does not mention the existence of a trust instrument—nor does he challenge this ground for dismissal on appeal. The inadequacy of his

2

allegations leaves his status before the Court as only that of "the defendant," and thus he is unable to utilize the § 853(n) process.

## CONCLUSION

We have reviewed all of the arguments raised by Daugerdas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 25, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk